# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| LARRY GATEWOOD, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MARY WASHINGTON HEALTHCARE SERVICES, INC. d/b/a ODC RECOVERY SERVICES, | ) ) ) ) |
| Defendant. | ) ) ) |

CIVIL NO. 3:20-cv-588

**CLASS ACTION COMPLAINT AND JURY DEMAND**

## NATURE OF ACTION

1. Plaintiff Larry Gatewood ("Plaintiff") brings this action against Defendant Mary Washington Healthcare Services, Inc. d/b/a ODC Recovery Services ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing,*

*LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. In order to protect consumers and ensure compliance by debt collectors, "[t]he FDCPA is a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012).

7. The FDCPA must be construed liberally to affect its remedial purpose. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014)

8. "By providing prevailing plaintiffs statutory and actual damages, as well as reasonable attorney's fees, Congress plainly intended to regulate unscrupulous conduct by encouraging consumers who were the target of unlawful collection efforts to bring civil actions." *Id.*; *See also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982) (Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act.").

9. Whether a communication violates the FDCPA "is determined from the vantage of the 'least sophisticated consumer,'" an objective standard that considers how the hypothetical "least sophisticated consumer would interpret the allegedly offensive language." *Russell*, 763 F.3d at 394.

10. This test "comports with basic consumer protection principles[, as] '[t]he basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Virginia and City of King George.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. Alternatively, Defendant is a creditor, who in the process of collecting its own debts, uses a name other than its own—ODC Recovery Services—which indicates that a third person is collecting or attempting to collect such debts.

20. ODC Recovery Services is not a registered entity and is a fictitious business that Defendant created for the purposes of aiding in debt collection.

21. On or about March 22, 2019, Plaintiff received medical services from Defendant—specifically, a cosmetic, in-office medical procedure involving the removal of facial keratoses.

22. Prior to undergoing the procedure, Defendant's nurse practitioner advised Plaintiff that he would have to self-pay because the procedure was elective.

23. Defendant's nurse practitioner further advised Plaintiff that the cost of the procedure was a flat-fee of $150.

24. On March 22, 2019, Plaintiff paid Defendant $150 for the procedure.

25. Defendant later submitted a claim to Plaintiff's insurance for the March 22, 2019 procedure.

26. Plaintiff's insurance only paid a portion of the claim, leaving an unpaid balance of $136.97 which Defendant subsequently sought to collect from Plaintiff.

27. Because Plaintiff had already paid Defendant the agreed upon $150 for the procedure on March 22, 2019, Plaintiff does not owe the Debt.

28. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated September 18, 2019.

29. A true and correct copy of Defendant's September 18, 2019 letter is attached as Exhibit A.

30. Defendant's September 18, 2019 letter was its initial communication with Plaintiff with respect to the Debt.

31. Defendant's September 18, 2019 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

32. Defendant's September 18, 2019 letter lists the balance of the Debt as $136.97. Exhibit A.

33. Defendant's September 18, 2019 letter states, in relevant part: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Id*. (emphasis added).

34. Defendant's September 18, 2019 letter falsely states that Plaintiff's dispute must be in writing.

35. Plaintiff disputed the debt.

36. In response, Defendant sent a letter in an envelope that disclosed Defendant's business name—ODC Recovery Services.

37. A true and correct copy of Defendant's envelope is attached as Exhibit B.

38. By sending Plaintiff a debt collection letter in an envelope that indicates it is in the debt collection business, Defendant engaged in unfair and unconscionable means to collect the Debt.

## CLASS ALLEGATIONS

39. Plaintiff repeats and re-alleges all factual allegations above.

40. Upon information and belief, Defendant's September 18, 2019 letter is based on a form or template (the "Letter Template") used to send an initial written communication to a consumer.

41. Defendant has used the Letter Template to send initial collection notices to at least 40 individuals in the State of Virginia within the one year prior to the filing of this complaint.

42. Upon information and belief, the envelope or stamp on the envelope used to send Defendant's November 20, 2019 dispute response letter is based on a form or template (the "Envelope Template") used to send written communication to a consumer.

43. Defendant has used the Envelope Template to send collection letters to at least 40 individuals in the State of Virginia within the one year prior to the filing of this complaint.

44. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes:

> **Letter Class:** All individuals with a Virginia address to whom Defendant sent an initial collection letter based on the Template, within one year before the date of this complaint, and in connection with the collection of a debt.
>
> **Envelope Class:** All individuals with a Virginia address to whom Defendant sent a collection letter in an envelope using the Envelope Template, within one year before the date of this complaint, and in connection with the collection of a debt.

45. The proposed classes specifically exclude the United States of America, the State of Virginia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

46. The classes are averred to be so numerous that joinder of members is impracticable.

47. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

48. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

49. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

50. The claims of Plaintiff are typical of the claims of the classes he seeks to represent.

51. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

52. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

53. Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

54. Plaintiff is willing and prepared to serve this Court and the proposed classes.

55. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

56. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

58. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

61. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the

controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)

62. Plaintiff repeats and re-alleges each factual allegation above.

63. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

64. "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

65. "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . . ." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

66. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Plaintiff that unless Plaintiff disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid by Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the Letter Class;

c) Awarding Plaintiff and the Letter Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Letter Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(8)

67. Plaintiff repeats and re-alleges each factual allegation above.

68. The FDCPA prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

69. Defendant violated 15 U.S.C. § 1692f(8) when it sent its November 20, 2019 collection letter in an envelope that disclosed Defendant's business name, thus indicating that it is in the debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f(8) with respect to Plaintiff and the Envelope Class;

c) Awarding Plaintiff and the Envelope Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Envelope Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## On an Individual Basis

70. Plaintiff repeats and re-alleges each factual allegation above.

71. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

72. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

73. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

74. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## On an Individual Basis

75. Plaintiff repeats and re-alleges each factual allegation above.

76. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

77. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

78. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

79. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 30, 2020.

Respectfully submitted,

s/ James E. Bowman, II
James E. Bowman, II (VSB No. 72752)
P.O. Box 2081
Ashland, VA 23005
Telephone: (804) 977-2753
Facsimile: (866) 317-2674
jbowman@ThompsonConsumerLaw.com
Lead Counsel for Plaintiff

Co-counsel with:
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
tclg@ThompsonConsumerLaw.com